William D. Jones, Inc. v. Commissioner
William D. Jones, Inc. v. Commissioner
Docket No. 3704.
United States Tax Court
1945 Tax Ct. Memo LEXIS 271; 4 T.C.M. (CCH) 311; T.C.M. (RIA) 45093; March 13, 1945
*271 Robert R. Milan, Esq., and Walter E. Travers, Esq., 1200 Greenleaf Bldg., P.O. Box 58, Jacksonville, Fla., for the petitioner. F. L. Van Haaften, Esq., for the respondent. MELLOTT
Memorandum Findings of Fact and Opinion MELLOTT, Judge: The Commissioner made several adjustments to the net income shown by petitioner's returns for the calendar years 1940, 1941 and 1942 and determined the following deficiencies: Declared Value
Year
Income Tax
Excess-profits Tax
1940
$310.68
1941
763.72
$ 95.74
1942
728.16
138.32
The sole issue is the reasonableness of compensation paid to Eliza G. Jones, petitioner's president. The other adjustments are not contested. Findings of Fact Petitioner is a corporation organized under the laws of the State of Florida on December 31, 1934. Its capital stock consists of 200 shares, of a par value of $100 each, owned as follows: Eliza G. Jones
197 shares
William D. Jones, Jr. (son of Eliza)
2 shares
Alice L. Jones (daughter of Eliza)
1 share
Returns of income, on a cash basis, were filed with the collector of internal revenue for the district of Florida and the taxes shown to be due *272 were paid. Petitioner is engaged in the retail drug business in Jacksonville, Florida. The business had been established by William D. Jones, husband of Eliza G. Jones, in 1903. For a period of approximately 30 years it was conducted by him; but his wife rendered very material assistance and was familiar with all of the details of the business. In 1933 William D. Jones was appointed postmaster at Jacksonville. Shortly thereafter petitioner corporation was organized and all of the assets of the drug business were transferred to it. After the organization of the corporation Jones took no part in its operation, control or management. He died in 1942. Eliza G. Jones has at all times been president of the corporation, her son secretary and her daughter vice president and treasurer. The daughter spent practically all of her time at the store and received $16 per week. The son received $1 a year. Since the organization of the corporation Eliza G. Jones received a salary of $40 per week until 1942. During that year she received approximately $45 per week. The salary was fixed by resolution of the board of directors. She did not spend all of her time at the store but visited it several *273 times during the week, conferred with her daughter daily, and kept in touch with things generally. She signed all checks and controlled the policies of the business, including the hiring and firing of employees. Her decision or direction upon all matters of policy was always carried out. The Commissioner determined that $300 per year was reasonable compensation for the services rendered to the corporation by Eliza G. Jones. He accordingly disallowed the amounts in excess of that sum. Reasonable compensation for the services rendered by Eliza G. Jones to petitioner was $40 per week. Opinion The question is one of fact. The finding which has been made is dispositive of the sole issue. It would serve no useful purpose to review the evidence or attempt to rationalize the conclusion reached. The management of this small business was not a very arduous task and it is possible someone could have been found who would have been willing to undertake it for a smaller salary. But the directors, in the exercise of their discretion, elected to employ Eliza G. Jones at a salary of $40 per week. We are not convinced that the services rendered by her were worth less than that amount and there *274 are no circumstances indicating that the payments were dividends in the guise of salary. The salary was duly fixed at the outset. The services rendered during each of the years seem to have been about the same. No good reason has been shown for the payment of a larger amount in 1942. We have accordingly found that $40 a week is a reasonable salary during each of the years. It is therefore held that the respondent erred in limiting the deduction to $300 per year. Uncontested adjustments require recomputation of the deficiencies. Therefore, Decision will be entered under Rule 50.